IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PUBLIC MINISTER**
**WILLIAM LORD PUNCHARD,**
**ROYAL CONTINENTAL SUDAN**
**AFRICA GOVERNMENT, PUBLIC**
**MINISTER DENECE WILLIAMS,**
**EDDY WRIGHT, AGENT WILL**
**BANKS,**

      Plaintiffs,

      vs.                         No. CIV 07-1284 MCA/WPL

**THE SIXTH JUDICIAL STATE DISTRICT**
**COURT JUDGE GARRY JEFFRIES, THE SIXTH**
**JUDICIAL STATE DISTRICT COURT, THE**
**SIXTH JUDICIAL DISTRICT ATTORNEY**
**OFFICE, N.M. STATE GOVERNOR BILL**
**RICHERSON, THE STATE OF NEW MEXICO,**

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' *Motion for Writ of Mandamus* [Doc. 3], Plaintiffs' *Notice of Rule 4. Default; Motion to Suppress and Squash all Defendants Pleadings; Motion for Summary Judgment* [Doc. 13], and the Court's *sua sponte* inquiry as to whether this action should be dismissed without prejudice for lack of subject-matter jurisdiction and subject to the restriction on future filings articulated in Punchard v. Deming City Municipal Court, No. CIV 07-589 MV/KBM, Doc. 92 (D.N.M. Feb. 5, 2008).  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in

the premises, the Court concludes that Plaintiffs' motions must be denied and that this action must be dismissed without prejudice with restrictions on future *pro se* filings by the Plaintiffs as set forth below.

Courts have an independent obligation to confirm that subject-matter jurisdiction is present and may dismiss an action *sua sponte* for lack of jurisdiction.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 514 (2006).  While the Court ordinarily does not dismiss claims *sua sponte* without first providing plaintiffs with an opportunity to respond and show cause, in this instance I determine that the person signing pleadings on behalf of the Plaintiffs already has been forewarned of the grounds for dismissing the same or similar claims, as well as the need for filing restrictions, in numerous other cases.

The Lead Plaintiff herein, "Public Minister William Lord Punchard," has been identified as a frequent filer of frivolous litigation in the District of New Mexico for many years.  See id. at 2-3 (collecting cases).  The individual signing pleadings under that name is not an attorney and therefore lacks the authority to act in a representative capacity with respect to any other person or entity identified as a plaintiff in this litigation.  See id. at 7-8 (citing State v. Edwards, 102 N.M. 413, 414, 696 P.2d 1006, 1007 (Ct. App. 1984)).

To the extent that the claims stated in Plaintiffs' *Complaint* and related motions are comprehensible, this Court lacks subject-matter jurisdiction to adjudicate them.  Claims premised on a non-existent "Royal Continental Sudan Africa Government," or Plaintiffs' fictitious assertion that they are ministers or officials of such a non-existent government, do not present a justiciable controversy, notwithstanding Plaintiffs' citation to Fed. R. Evid.

902.3(b).  See Punchard v. U.S. Government, 206 Fed. Appx. 832, 833 (10th Cir. 2006) (unpublished order and judgment); Punchard v. New Mexico, 56 Fed. Appx. 443, 444 (10th Cir. 2003).

Insofar as Plaintiffs' *Complaint* asserts claims for damages against the State of New Mexico or the United States, they are barred by sovereign immunity.  See Punchard v. U.S. Bureau of Land Management, 180 Fed. Appx. 817, 819 (10th Cir. 2006) (unpublished order and judgment affirming dismissal of claims against the United States); Divine Church of God and Christ v. Taxation & Revenue Dep't, 116 F.3d 1489, 1997 WL 355326, at *2 (10th Cir. 1997) (unpublished order and judgment concluding that claims against states and state officials must be dismissed without prejudice for lack of subject-matter jurisdiction where "no unequivocal waiver of the state's sovereign immunity appears in the record").  To the extent Plaintiffs' claims are directed against members of the Judiciary, they are also barred by absolute immunity.  See Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981) (citing Stump v. Sparkman, 435 U.S. 349 (1978)).

This Court lacks jurisdiction to intervene in, or review, any of the state or local court proceedings to which Plaintiffs' *Complaint* alludes.  See Punchard v. Deming City Municipal Court, No. CIV 07-589 MV/KBM, supra, Doc. 92, at 4-5.  A writ of mandamus under 28 U.S.C. § 1361 does not provide such jurisdiction in this context.  See McCauley v. Texas, No. 6:07CV62, 2007 WL 1848046, at *1 (E.D. Tex. 2007) (unpublished order of dismissal). Finally, the Court finds that Plaintiffs' *Complaint* does not contain a "short and plain

statement" of any other discernible claims as required under Fed. R. Civ. P. 8.  See Punchard v. U.S. Bureau of Land Management, 180 Fed. Appx. at 819.

It follows that Plaintiffs' motions must be denied and the *Complaint* must be dismissed without prejudice for lack of jurisdiction.  The Court will also impose filing restrictions consistent with those imposed in Punchard v. Deming City Municipal Court, No. CIV 07-589 MV/KBM, supra, Doc. 92, at 6-8, for the same reasons expressed in that opinion.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion for Writ of Mandamus* [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' *Notice of Rule 4. Default; Motion to Suppress and Squash all Defendants Pleadings; Motion for Summary Judgment* [Doc. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that all claims asserted in Plaintiffs' *Complaint* [Doc. 1] and related filings in this action are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs are prohibited from filing any additional documents in this case except for a notice of appeal, and the Clerk of the Court is directed not to accept any additional filings in this case other than a notice of appeal, unless either:

1. the filing is signed and filed by a licensed attorney admitted to practice before this Court; or

2.	the filer has obtained permission to proceed *pro se* in federal court in accordance with each and every step of the procedure set forth in <u>Punchard v. Deming City Municipal Court</u>, No. CIV 07-589 MV/KBM, Doc. 92, at 8-10.

**SO ORDERED** this 12th day of May, 2008, in Albuquerque, New Mexico.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**M. CHRISTINA ARMIJO**
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge